NICHOLS *v.* STATE OF INDIANA.

[No. 1267S135. Filed April 7, 1969.]

*Harold V. Jones, Jr.*, of Columbus, for appellant.

*John J. Dillon*, Attorney General, *Duejean C. Garrett*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction of the appellant, Ernest Nichols for the offense of sodomy. The appellant was charged by affidavit in the Bartholomew Circuit Court and entered a plea of not guilty. He was thereafter tried by a jury and found guilty.

The questions presented by the assignment of error as revealed by the motion for new trial are as follows:

1. Error of law occurring at the trial in that the Court erred in overruling the defendant's motion for a directed verdict at the close of the case of the State of Indiana.

2. Error of law occurring at the trial in that the Court overruled the defendant's motion for a directed verdict at the close of the defendant's case.

3. That the verdict of the jury is contrary to law.

4. That the verdict of the jury is not sustained by sufficient evidence.

Thus the issues presented by this appeal are confined to the question of the sufficiency of the evidence to sustain the conviction, and the denial of appellant's motions for a directed verdict.

To support his argument as to the insufficiency of the evidence, the appellant asserts that all the material statements by the state's witnesses have been controverted; that the prosecuting witness in his testimony made contradictory statements; that said contradictions and other discrepancies between the testimony of the prosecuting witness and a corroborating witness render such testimony devoid of a factual base sufficient for a conviction.

At the close of the state's evidence and, again, at the conclusion of all the evidence the defendant moved for a directed verdict. The court overruled both motions, and the appellant contends the court's action was reversible error. In the case of *Warren v. State* (1963), 243 Ind. 508, 518, 188 N. E. 2d 108, 112-13, this court stated:

". . . (A) peremptory instruction of acquittal in a criminal case is only proper where there is a total absence of probative evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference which is in favor of the accused. *Here the determination of the issue involved the weight of the evidence on the credibility of witnesses and it would have been an invasion of the province of the jury for the court to direct a verdict*" (emphasis added).

The evidence most favorable to the state may be summarized as follows:

On June 19th, 1967, the prosecuting witness, age thirteen (13), was at his home in Columbus, Indiana. The house was

also occupied by his two brothers: age eleven (11), and seven (7). The prosecuting witness testified that it was about twelve-thirty when the appellant Ernest Nichols came to the house.

Ernest Nichols testified that the reason he had gone to the home was to return a shirt which he had borrowed from one of the older brothers. Upon arriving at the house the appellant was admitted by the eleven year old who was told that Nichols had come to return the shirt. The prosecuting witness was sitting on the couch, and Ernest Nichols asked him for a piece of candy to which the boy replied, "Let me see your thing and I'll give you a piece." The victim testified that the appellant then threw him on the floor, and, while the prosecuting witness was lying on his back, Nichols sat on top of him with his knees against the boy's arms holding him down as he tried to struggle free. As the prosecuting witness was struggling to free himself, he attempted to yell, and, at that point, Ernest Nichols put his "thing" into the boy's mouth. The "thing" the witness was referring to was the penis of Ernest Nichols. Appellant continued to keep his penis in the boy's mouth for four or five minutes. During this period of time, the eleven year old brother attempted to help the victim free himself from the grip of Ernest Nichols by trying to strike the appellant with a pop bottle but was unsuccessful. The appellant finally released his victim, laughed at him, then left the house.

It is abundantly clear from the above recital of the record evidence that there was sufficient evidence of probative value to sustain the court's ruling denying the appellant's motion for a directed verdict at the close of all the evidence. We therefore hold the court committed no error in submitting the cause to the jury.

The appellant's specifications of error numbered 3 and 4 present only a question of the sufficiency of the evidence

to sustain the verdict. The general rule is that the verdict of the jury will not be disturbed by this court if there is substantial evidence of probative value to sustain each material element of the crime charged. *Harris v. State* (1967), 249 Ind. 681, 231 N. E. 2d 800. When the question of the sufficiency of the evidence is presented on appeal this court will consider only that evidence most favorable to the state, together with all reasonable inferences to be deduced therefrom. *Coach v. State* (1968), 250 Ind. 226, 235 N. E. 2d 493; *Stone v. State* (1968), 251 Ind. 198, 240 N. E. 2d 487; *Capps v. State* (1967), 248 Ind. 472, 229 N. E. 2d 794.

Appellant devotes the greater part of his argument in attacking the testimony of the state's chief witness. While it is true that there are minor contradictions in the testimony of the prosecuting witnesses, we are of the opinion that such an argument goes to the credibility of the witnesses. The credibility of the witnesses and the weight to be given to their testimony, including minor discrepancies, was for the trier of the facts. *Stone v. State, supra.* Moreover the trial court took cognizance of the tender years of the witnesses and questioned them to determine their qualifications before allowing them to testify. Admittedly, the prosecuting witness, aged 13, was not a boy of average intelligence. Further, the record seems to indicate that he was "slow" and perhaps had a hearing defect. These handicaps, however, do not necessarily or conclusively establish his lack of credibility. The appellant suggests this court should weigh this testimony very carefully. In support of his argument he states that the witness without hesitation answered "yes" when asked if "there was anything he wanted to get even with Ernie Nichols over". The answer was clarified by the witness immediately thereafter in a manner that indicated he did not have anything against Nichols other than what he had done to him on this one occasion. The prosecuting witness also stated that he did not "want to see Ernie Nichols

go to jail for some reason" and that he answered "yes" to the question "what you tell this jury is the truth, is it?" Suffice to say this court cannot weigh the evidence nor determine the credibility of the witnesses for this was the province of the jury as the trier of the facts. *Stone v. State, supra; Barnes v. State* (1965), 246 Ind. 485, 205 N. E. 2d 539; *Epps v. State* (1963), 244 Ind. 515, 192 N. E. 2d 459; *Laymon v. State* (1961), 242 Ind. 62, 176 N. E. 2d 120.

The appellant cites the case of *Burton v. State* (1953), 232 Ind. 246, 111 N. E. 2d 892 to support his contention that this court on review should carefully scrutinize the evidence to determine if the trier of the facts had sufficient evidence upon which to find the appellant guilty beyond a reasonable doubt. In *Burton* this court was concerned about the sufficiency of the evidence where the defendant was charged with a sexual crime committed only in the presence of the prosecutrix. In this case the court had the testimony of the victim as well as his brother who witnessed the offense. *Burton* is not applicable to the facts in the case at bar.

Having carefully scrutinized the evidence we hold there was sufficient evidence of probative value to sustain the verdict of the jury.

Finding no reversible error the judgment of the trial court is affirmed.

DeBruler, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 246 N. E. 2d 179.