MICHAEL E. DOBRZYKOWSKI *v*. STATE OF INDIANA.

[No. 578S81. Filed November 22, 1978.]

*Harriette Bailey Conn, [Mrs.]*. Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, *Eugene C. Hollander,* Special Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *William E. Daily,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, Michael Dobrzykowski, was convicted by a jury of rape, Ind. Code § 35-13-4-3 (Burns 1975), and sentenced to eighteen years' imprisonment. In this direct appeal he raises the issue of the sufficiency of the evidence.

The facts from the record most favorable to the state reveal that the following incidents occurred on the night of June 13, 1977. Several young teenage boys met to spend the night camping out in a homemade "fort" they had built in a backyard. Later in the evening, the victim, Tracy, who was twelve years old, and her eleven year old sister, joined the group. The defendant, who was twenty-three years old, and one of his friends also joined the group. The youths were sitting around a bonfire they had built and several of them were drinking beer and wine. Defendant stated that he would get the victim drunk in order to have sexual relations with her. He told some of the other boys to take her sister on a long walk so he and the victim could be alone.

The victim went inside the fort to lie down as she became ill from drinking the beer and wine. The defendant then also went inside the fort and the other boys heard the victim "screaming" and "crying." One of the boys looked inside and saw the defendant lying on top of the victim. Two of the younger boys went and got a gun and pointed it into the fort. The defendant came running out and the boys found the victim lying on the bed, covered with a sleeping bag, crying and asking for her mother.

A medical examination revealed that the victim had abrasions on her face and shoulder, and a small tear on the outside of the vaginal wall. The doctor testified that she was in a state of shock and that a further vaginal examination was impossible because of her emotional state. The examination did not reveal the presence of spermatozoa. The victim testified that she knew what sexual intercourse was and that the defendant had forced her to have intercourse with him.

The defendant now argues that his conviction was based upon insufficient evidence because he was in such an intoxicated state that he could not have formed the specific intent necessary. He also alleges that the testimony of the twelve year old victim was too unreliable to be a basis for his conviction and that there was not sufficient evidence establishing that the crime of rape occurred.

Before specifically addressing defendant's claim of insufficiency of the evidence, we feel compelled to reiterate what we have repeatedly held—that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Poindexter* v. *State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

To prove rape the state must show penetration forcibly against the will of the victim. Ind. Code § 35-13-4-3, *supra*. The burden of proving affirmative defense, including that of intoxication, is on the defendant. *Smith* v. *State*, (1971) 255 Ind. 687, 266 N.E.2d 216. In the instant case, other than for his own testimony, the record is devoid of any evidence of defendant's intoxication to such a degree that he was incapable of forming the specific intent to rape. In fact, there was specific testimony that defendant was not drunk.

The state showed that the victim screamed and cried and tried to resist. She testified that the defendant slapped her and kicked her to make her be still. She further testified that she had taken a health class in school and knew what the terms "penis," "vagina," and "penetration" meant. She clearly testified that the defendant had forced her to have intercourse with him against her will.

In Indiana, the uncorroborated testimony of a rape victim is sufficient evidence to support a conviction. *Dixon* v. *State*, (1976) 264 Ind. 651, 348 N.E.2d 401; *Lynch* v. *State*, (1974) 262 Ind. 360, 316 N.E.2d 372. It is also clearly established in Indiana that any person ten years of age or older is presumed to be competent to testify in a criminal case. *Ware* v. *State*, (1978) 268 Ind. 563, 376 N.E.2d 1150; *Jethroe* v. *State*, (1974) 262 Ind. 505, 319 N.E.2d 133.

The victim in this case testified directly and explicitly concerning penetration by the defendant making the evidence on this question sufficient as a matter of law. All the incidents surrounding the act itself were corroborated by several witnesses. In view of this extensive testimony, the medical report was merely evidence of corroborative value to be weighed and considered by the jury. *Lynch, supra.*

We hold, therefore, that the evidence adduced at trial was sufficient as a matter of law to sustain defendant's conviction.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 382 N.E.2d 170.