**Chester James GEISLEMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1079S274.**

Supreme Court of Indiana.

Sept. 30, 1980.

Harriette Bailey Conn, Public Defender, Kurt A. Young, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged by information in three counts with Count I, armed robbery; Count II, armed rape; Count III, battery. After trial by jury, the defendant was convicted. The court sentenced him to ten years imprisonment and levied a fine of one thousand dollars on Count I; thirty years imprisonment and a one thousand dollar fine on Count II; and one year imprisonment and a five hundred dollar fine on Count III, sentences to be served consecutively.

This direct appeal presents the following issues:

(1) Whether the evidence was sufficient to support the armed rape and armed robbery convictions.

(2) Whether the trial court improperly allowed the State to ask the defendant if he

had been convicted of an unrelated charge of larceny in Michigan.

(3) Whether the trial court erred in refusing to instruct the jury upon the provocation defense to battery.

(4) Whether the trial court erred in sentencing the defendant upon both the armed rape charge and the battery charge.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

The defendant challenges the sufficiency of the evidence of his armed rape and armed robbery convictions.

The evidence and logical inferences to be drawn therefrom, when viewed in a light most favorable to the State, disclose that on March 20, 1978 Noble Miller and Virginia Klase were hitchhiking. The defendant and his buddy picked them up after work in the defendant's blue pick–up truck. Miller told the defendant they wanted to go to the bus station in South Bend, and the defendant agreed to take them there.

The defendant first took his friend home and then drove to a service station where his wife then arrived in another vehicle. The defendant lied to his wife about where he was going and with whom.

The defendant, Klase and Miller then proceeded to several bars in South Bend where they drank beer which the defendant purchased. Along the way the defendant telephoned his mother at the Lake of the Woods and told her that he was bringing some friends to spend the night.

Before going to the Lake of the Woods, the three went to Bremen, where the defendant had Miller purchase a six pack of beer.

The weather was cold, rainy and foggy. On the way to Lake of the Woods, the defendant stopped, claiming that he had to relieve himself, and he and Miller got out of the truck. Before Miller finished, the defendant got into the truck and drove off with Virginia Klase. Miller followed on foot.

While alone with Klase, the defendant slapped her several times and drew blood.

Following that, he raped her, threatening her with a brown pocket knife if she refused. He then took a twenty dollar bill from her shirt pocket. The defendant then turned the truck around and drove back towards the place where he had abandoned Miller. They came upon Miller in a church yard near where he had been left, and Klase got out of the vehicle. Miller took her to the parsonage nearby, and the police were notified of the incident.

"In reviewing the sufficiency of the evidence, this Court does not reweigh the evidence or judge the credibility of the witnesses. Looking at the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom, we will not disturb the verdict if there is substantial evidence of probative value to support each essential element of the offense." *Burr v. State*, (1980) Ind., 403 N.E.2d 343, 345; *Dew v. State*, (1978) 268 Ind. 17, 19, 373 N.E.2d 138, 139.

■ The uncorroborated testimony of the victim is sufficient to sustain a rape conviction, *Lynch v. State*, (1974) 262 Ind. 360, 364, 316 N.E.2d 372, 374 (cases cited therein), or a robbery conviction. *See Richardson v. State*, (1979) Ind., 388 N.E.2d 488, 491–92.

The victim, Virginia Klase, testified she was beaten and raped by the defendant. She testified he threatened to kill her with a brown pocket knife if she didn't do what he wanted. She testified she felt the defendant's penis inside her and that he had a climax.

She further testified that after completing the rape, the defendant reached into her shirt pocket and removed a twenty dollar bill. She identified the defendant without equivocation at a line–up and at trial.

Our attention is directed to a number of inconsistencies in Klase's story, and the defendant argues the State did not show that he had any knowledge that Miller or Klase were carrying money and that it is, therefore, incredible to believe her story that he reached into her shirt pocket and withdrew a bill he could not have known was there.

He testified that after he ordered Klase out of his truck, she gave him the bill to take back to Miller.

The defendant points out that Klase stated he had a climax while on top of her; yet no semen was found. She stated she was wearing panties; but none were taken from her at the hospital. She identified a three inch brown pocket knife on a dark night in a truck, that the defendant claimed lacked working interior lights. She stated the defendant put the knife back in his pocket after the attack; yet the knife was *later* found by police on the truck's dashboard.

We are further advised that Klase's trial testimony differed significantly from her statement given to the police on the day of the rape. Throughout his brief defendant reminds us that Klase and Miller admit that they had discussed these events; and he posits, as a motive for Klase's fabrication, his abandonment of her and Miller on a cold and rainy night, after having promised them shelter.

Thus, Defendant has devoted the greater part of his argument to attacking the credibility of the State's chief witness. That credibility and the weight to be given her testimony, however, were questions for the jury. *See Choctaw v. State,* (1979) Ind., 387 N.E.2d 1305, 1307; [1] *Nichols v. State,* (1969) 252 Ind. 103, 107, 246 N.E.2d 179, 181.

"It is apparent that the jury believed the prosecuting witness's account of the events and disbelieved appellant's account. This the jury had a right to do." *Wedmore v. State,* (1957) 237 Ind. 212, 143 N.E.2d 649. *Montgomery v. State,* (1967) 249 Ind. 98, 229 N.E.2d 466.

" * * * in reviewing an allegation of insufficient evidence this Court does not weigh competing factual assertions nor resolve questions of credibility of witnesses, but looks to the evidence and reasonable inferences therefrom which support the verdict. *Asher v. State,* (1969) 253 Ind. 25, 244 N.E.2d 89. The conviction

will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer the existence of each element of the offense beyond a reasonable doubt. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558; *James v. State,* (1976) 265 Ind. 384, 354 N.E.2d 236." *Mason v. State,* (1979) Ind., 392 N.E.2d 806, 808.

### ISSUE II

The defendant contends that the trial court erred in allowing the State to ask him whether or not he had been convicted of larceny of over one hundred dollars in Michigan in late 1978 or early 1979.[2]

A defendant who testifies in his own behalf in a criminal trial is subject to the same tests of credibility as any other witness. *Smith v. State,* (1980) Ind.App., 403 N.E.2d 869, 876–77.

The prosecutor may impeach the testifying defendant with evidence of prior convictions of crimes involving dishonesty or false statement. See *Ashton v. Anderson,* (1972) 258 Ind. 51, 62, 279 N.E.2d 210, 216–17. Proof of a prior theft conviction is admissible under *Ashton* for purposes of impeachment as a crime involving dishonesty or false statement. *Fletcher v. State,* (1976) 264 Ind. 132, 137, 340 N.E.2d 771, 774; *Sleck v. State,* (1977) Ind.App., 369 N.E.2d 963, 964.

### ISSUE III

The defendant contends the trial court erred in refusing his tendered instruction on "provocation," as a defense to battery. *See* Ind.Code § 35–41–3–2(c) (Burns 1979).

A tendered instruction is properly refused when there is no evidence in the record to support it. *Spears v. State,* (1980) Ind., 401 N.E.2d 331, 334; *Davis v. State,* (1976) 265 Ind. 476, 478, 355 N.E.2d 836, 838; *Lockridge v. State,* (1977) Ind.App.,

1. Our comments apply equally to the discrepancies the defendant claims exist in Noble Miller's testimony.

2. Larceny of over one hundred dollars is a felony in Michigan. Mich.Comp.Laws 750.356 (West 1968).

359 N.E.2d 589, 594; *LaDuron v. State*, (1973) 157 Ind.App. 189, 194, 299 N.E.2d 227, 229.

The defendant testified that he struck Klase in an effort to eject her from his truck, but his own testimony reveals that he made no effort to communicate to her verbally that she was no longer a welcome guest in his truck.

Defendant and Klase drove about four tenths of a mile after discharging Noble Miller. At that point, Defendant testified he hit Virginia Klase hard enough to draw blood in order to awaken her. Only then did he tell her to get out of the truck; after the battery, wholly unprovoked, was complete.

Klase testified that after the defendant hit her, he said he didn't care that she was bleeding and then began to pull her pants down.

Neither version of the incident offered by the only witnesses supports any inference that the defendant was provoked to defend his pick–up truck against a trespass.

### ISSUE IV

The defendant contends that the trial court erred in sentencing him upon both the armed rape charge and the battery charge. He asserts that proof of the rape in this case involved proof of the battery; and that therefore, the battery was an offense included in the charge of rape. We disagree.

The evidence shows that two separate and distinct offenses occurred.

The defendant testified that he slapped Klase. This slap represents the gravamen of Count III of the information which charges battery. Klase testified that after he slapped her, he began to pull down her pants. When she resisted, he threatened to kill her with a pocket knife, if she did not cooperate. The defendant then completed the rape, which is the gravamen of the charge in Count II.

In *Wilson v. State*, (1970) 253 Ind. 585, 255 N.E.2d 817, the court anticipated and rejected defendant's argument:

"It might likewise be urged in any crime of violence that the victim was touched only 'lightly' and only incidental to the main crime, and therefore should not be subject to a separate or included charge of assault and battery with intent. In such cases as this the attacker is guilty of a compound crime as happens in instances when a victim is also killed in the commission of another crime, or also kidnaps, while committing a robbery. We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to compound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts." 253 Ind. at 592, 255 N.E.2d at 822.

*See Tewell v. State*, (1976) 264 Ind. 88, 92, 339 N.E.2d 792, 795; *Dragon v. State*, (1979) Ind., 383 N.E.2d 1046, 1048, *cert. denied*, (1979) 442 U.S. 912, 99 S.Ct. 2829, 61 L.Ed.2d 279.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.