**Sparkle MUNSEY, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 1280S433.

Supreme Court of Indiana.

June 25, 1981.

Arnold Paul Baratz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Judge.

Sparkle Munsey was found guilty of rape, a class A felony, Ind.Code § 35–42–4–1(a) (Burns 1979 Repl.), and burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.). He was sentenced to concurrent terms of twenty and ten years for his respective convictions. He presents the following issues for our review:

1. Whether the evidence was sufficient to support the jury's conclusion that he was the person who committed the two crimes; and

2. Whether the evidence was sufficient to support the jury's conclusion that a "deadly weapon" was employed in the commission of the rape.

The record reveals that at approximately 7:00 a. m. on February 22, 1980, the prosecuting witness was awakened by the presence of a strange man in the bedroom of her home in Indianapolis. The man held a sharp-edged steel instrument against her neck and threatened to decapitate her if she moved. He then forced her to remove her nightgown, raped her twice, and fled. At trial, the victim identified defendant as the man who had raped her.

I.

 Defendant maintains that the evidence is insufficient to establish his identity as the perpetrator of the two crimes. When the sufficiency of the evidence is raised as an issue on appeal, this Court will not weigh the evidence or judge the credibility of witnesses. Rather, we will examine only the evidence most favorable to the state, together with the reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact-finder's conclusion, it will not be set aside. *Dobrzykowski v. State*, (1978) 269 Ind. 604, 382 N.E.2d 170; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Although defendant concedes at the outset of his argument that this standard governs our review, his argument relative to the facts contravenes its dictates. Specifically, his argument rests on three bases: (1) the lack of physical or scientific evidence to corroborate the victim's identification of him; (2) the absence of testimony to establish that he owned either a watch or a necklace like those which the victim said the perpetrator wore; and (3) conflicts in the number and style of tattoos which the victim attributed to the perpetrator, as opposed to those of defendant.

 Each of these assertions strikes directly at the credibility of the prosecuting witness. It is not our prerogative to judge the credibility of witnesses. *Id.; Muse v. State*, (1981) Ind., 419 N.E.2d 1302. Furthermore, it is well established that, notwithstanding an alibi defense, the uncorroborated testimony of the victim is sufficient to sustain a conviction for rape. *McCawley v. State*, (1980) Ind., 409 N.E.2d 594; *Dixon v. State*, (1976) 264 Ind. 651, 348 N.E.2d 401.

 The prosecuting witness testified that at the time of the rape, a television was operating in her bedroom and the win-

dow curtains were only partially drawn. In the light provided by these sources, she stated she was able to obtain a "clear view" of the perpetrator's face and nude body. Her opportunity to view the perpetrator included a three to four-minute period in which the man accompanied her to a second room, where she comforted her infant.

That same day, the victim provided Indianapolis police with a description of her assailant which encompassed his approximate height, build, color and length of hair, race and clothing. She also described a wristwatch and necklace worn by the assailant and noted that a tattoo adorned his upper right arm.

Subsequently, she made a photographic identification of defendant at police headquarters as her assailant. At trial, she made an in-court identification of defendant as her assailant.

This evidence was sufficient to support the jury's conclusion that defendant was the person who entered the victim's house and raped her. *McCawley v. State, supra; Dixon v. State, supra.*

### II.

Defendant also contends that the evidence was insufficient to support the jury's conclusion that he employed a "deadly weapon" in the commission of the rape, as is required to elevate the offense to class "A" status. Ind.Code § 35–42–4–1(a), *supra.*

The only evidence concerning the use of a weapon was the victim's testimony that a sharp "cold steel" instrument was pressed against her neck and that the perpetrator told her "if I moved they'd cut my head off." The victim never saw the instrument which had been pressed against her neck. Nevertheless, under the standard of review heretofore enunciated, this evidence is sufficient to support the jury's conclusion. We are compelled to recognize the reasonable inferences to be drawn from the evidence; here, it can reasonably be inferred that that instrument was a knife. As the court stated in *McFarland v. State,* (1979) Ind.App., 384 N.E.2d 1104, 1108:

"Where differing conclusions might be drawn as to whether or not the object is dangerous or deadly, it is a question of fact for the jury to determine from a description of the weapon, the manner of its use, and the circumstances of the case."

For all the foregoing reasons, there was no error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.