Gary D. WATKINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 883 S 275.

Supreme Court of Indiana.

March 19, 1984.

Richard L. Young, Hayes & Young, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary, a class B felony and Attempted Rape, a class A felony. He was sentenced

to concurrent ten (10) year and thirty (30) year terms respectively.

The facts are these. Appellant knew the victim, S.H., through appellant's girlfriend. Appellant, sometimes with his girlfriend and sometimes alone, had visited S.H.'s apartment on several occasions.

On the night of December 17, 1982, S.H. checked the doors and windows of her apartment and went to sleep on the sofa in the living room. She awoke around 4:00 A.M. and noticed the television and Christmas lights were still on. As she was turning these off, she saw the appellant standing five or six feet away. When she screamed, appellant placed his hands around her neck and told her to shut up or he would kill her. Appellant took off his clothes and forced the victim to the sofa. He stated he had watched her for some time. He pushed her gown up on her body. He then fondled her and performed oral sex on her. They did not complete the act of intercourse because appellant was not able to achieve an erection. Appellant then dressed himself and fled. S.H. called the police and identified her assailant to the police. Shortly thereafter appellant was arrested.

■ Appellant's first issue revolves around hearsay testimony offered by the victim. At trial, S.H. testified she had heard from an unnamed third party that the appellant had raped another woman, C.G. The trial court overruled appellant's hearsay objection and appellant now argues this was error. The appellant has the burden of showing how his substantive rights were prejudiced by the testimony, and it is only when the error has caused prejudice to the appellant that the cause will be reversed. *Rebstock v. State*, (1983) Ind., 451 N.E.2d 1083. Evidence which is merely cumulative is not grounds for reversal. *Pollard v. State*, (1978) 270 Ind. 599, 388 N.E.2d 496. C.G. provided direct testimony as to her rape by appellant. S.H.'s testimony, while hearsay, was thus cumulative and created no demonstrative prejudice to the appellant.

Appellant claims the court erred in permitting C.G. to testify to an unrelated rape committed by appellant. At the opening of trial, appellant sought and was granted a Motion to Suppress evidence of the pending criminal charges filed against appellant for the rape of C.G. The trial court did permit, over objection, C.G.'s testimony concerning the rape to help establish appellant's character, modus operandi and intent. Additionally, the court admonished the jury that C.G.'s testimony was to be considered only for a determination of these factors, and not to be considered in determining guilt or innocence in the rape of S.H.

■ The general rule is evidence which shows or tends to show guilt in separate, unrelated and independent crimes is not admissible as proof of guilt in the instant case. *Henderson v. State*, (1980) Ind., 403 N.E.2d 1088. There are exceptions to the rule which allow evidence of prior crimes to be admitted for the purpose of showing intent, motive, purpose, identification, common scheme or plan or a depraved sexual instinct. *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130.

■ In the case at bar, the State showed the following similarities between the rape of C.G. and the attempted rape of S.H.: both involved women appellant knew, both lived within a few blocks of the appellant, both occurred in the early morning hours, entry into the apartments of both was accomplished through rear windows, both attacks were carried out in the sleeping areas and both victims were threatened with a loss of life. These similarities of conduct are sufficient to support an inference that the same person committed both offenses. The trial court did not err in admitting the testimony of C.G.

Appellant's third issue concerns the trial court's refusal to give appellant's tendered jury Instruction No. 5. The proposed instruction read: "The rape victim must resist to a degree which would indicate that performance of the act was not voluntary and against her will." Appellant argues the refusal denied him an instruction on his defense of consent, however, appellant had

no defense of consent under the facts in this case. A proposed instruction was given. It reads:

"It is not the law of the State that a woman assaulted with an intent to commit rape upon her is required to resist by all violent means within her power. The law requires only that the case be one in which the woman did not consent. Her resistence must not be mere pretense, but in good faith. The law does not require that the woman shall do more than her age, strength, and all attendant circumstances make it reasonable for her to do in order for her to maifest [sic] her opposition. The question of resistance is a question of fact for you to determine and find, and not a question this Court can decide."

 The refused instruction did not properly state the law as it provided an implication the victim must utilize physical force to resist her assailant. The instruction which was given adequately covered the substance of the refused instruction. This Court has often approved the language of the given instruction. *See Ives v. State*, (1981) Ind., 418 N.E.2d 220; *Lottie v. State*, (1980) Ind., 406 N.E.2d 632. The instruction provided properly stated the law in Indiana.

Appellant's fourth issue also deals with a tendered jury instruction which was refused. Appellant tendered an instruction on the issue of criminal trespass as a lesser included offense of burglary. The trial court refused to give the instruction. Appellant argues he was entitled to the instruction because the State has the burden to prove both trespass and felonious intent to establish proof of a burglary allegation. In *Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239, we concluded that trespass was not inherently included in the burglary statute. In the case at bar there was no evidence to support any lesser included offense, nor was any lesser included offense alleged by the State. The trial court therefore did not err in excluding the issue of the lesser included offense. *Johnson v. State*, (1983) Ind., 447 N.E.2d 1072.

Lastly appellant argues the verdict was not supported by evidence. We will not weigh the evidence. *Bonds v. State*, (1982) Ind., 436 N.E.2d 295. The sole and uncorroborated testimony of the rape victim is sufficient to support the conviction. *Munsey v. State*, (1981) Ind., 421 N.E.2d 1115; *Calbert v. State*, (1981) Ind., 418 N.E.2d 1158. The testimony of S.H. was sufficient to support the finding of the jury that appellant committed breaking and entry of the dwelling place of the victim with the intent to commit the crime of rape, and that he attempted to commit rape.

The trial court is in all things affirmed.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents.