**Demitrius, Douglas BIGHAM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 683S201.

Supreme Court of Indiana.

Oct. 23, 1984.

Robert R. Garrett, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979) and was sentenced to twenty-five (25) years imprisonment. His direct appeal presents one issue for review: whether the trial court erred in admitting into evidence State's exhibits numbers 3, 4, and 5, clothing of the victim, over his objection that a proper chain of custody had not been established.

The record disclosed that on the afternoon of June 5, 1982, V.G., wearing pajamas and panties, was resting on her bed when she heard a knock on her front door. She went to the door and recognized Defendant as an acquaintance. He asked her if anyone else was home, and when she responded that neither her daughter nor her husband were at home, Defendant said, "That's all I want to know." He then drew a knife, forced V.G. into her bedroom, told her to remove her pajama bottom and panties, and, threatening to kill her if she cried out, raped her. Subsequently, when V.G. attempted to telephone the police, she found the telephone wires pulled from the wall. She then put on a pair of slacks and went to a neighbor's home to call the police.

Police Officer Cruz arrived and took V.G. to the hospital where doctors examined her and found spermatozoa in her vaginal area.

Cruz placed the slacks that the victim had worn to the hospital and the pajama bottom and panties which he had retrieved from her home in an evidence bag and placed it in a locker at the police station. Subsequently, Officer Bailes removed the evidence bag and submitted the clothing items to Northwest Toxicology Laboratory for analysis. Karen Kucharik, a serologist at Northwest Toxicology Laboratory, performed several tests upon the clothing and found a semen stain in the slacks. The slacks, pajama bottom, and panties were admitted into evidence at trial as State's exhibits numbers 3, 4, and 5.

Defendant argues that inasmuch as no testimony was adduced which disclosed from whom Kucharik had obtained the items of clothing and to whom she had given them after she had performed the tests, the State failed to demonstrate a sufficient chain of custody to warrant the admission of the items into evidence. His argument is without merit.

In *Ives v. State*, (1981) Ind., 418 N.E.2d 220, 225, a rape case in which the defendant objected to the admission of the victim's pants into evidence because of an insufficient showing of chain of custody, this Court observed, "Our rule requiring that the chain of custody be established before exhibits are admitted into evidence applies with diminishing strictness as the exhibits concerned become decreasingly susceptible to alteration, tampering or substitution." In the case at bar, the victim, at trial, identified the slacks, pajamas, and panties as the ones she had worn on the day of the rape. Moreover, the police officers testified that the items were those which had been placed into the evidence bag, put into the locker at the police station, and taken to the toxicology laboratory. The serologist also testified that the garments were the ones upon which she had performed her tests. There is no need for a strict showing of the chain of custody when, as here, the exhibits are nonfungible and witnesses have identified them. *Id.* Moreover, Defendant has failed to demonstrate how he was harmed by the admission of the exhibits.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.