**Ronald Eugene JOHNSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1084S393.

Supreme Court of Indiana.

Feb. 28, 1986.

Marshall P. Whalley, Schererville, for appellant.

Linley E. Pearson, Atty. Gen., and Lisa M. Paunika, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

The appellant, Ronald Eugene Johnson, was convicted after trial by jury of rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.), and received a sentence of 14 years imprisonment. He raises the following issues in this direct appeal:

1. Whether the evidence was sufficient to sustain his conviction;
2. Whether he made a valid waiver of his right to a 12-member jury; and,
3. Whether the sentence imposed was manifestly unreasonable.

We affirm.

### I. Sufficiency of the Evidence

Johnson argues specifically that the element of penetration, part of the proof required for a rape conviction, was not proven beyond a reasonable doubt. The facts most favorable to the judgment of conviction are that early in the morning of November 4, 1983, police were dispatched to an alley in Gary, Indiana, after an anonymous caller reported a rape in progress. When the police arrived, they saw one male flee the scene and observed appellant lying face down on top of a woman who was kicking and screaming. Both Johnson and the victim had their pants down around their ankles, and when the police pulled Johnson away, they observed blood on the genitals and pants of both parties.

The victim was hysterical, screaming, "He raped me!", "He raped me!". At trial she was asked, "Was this your time of the month?", to which she responded "Yes". She testified she had been drinking and dancing in a nearby bar when Johnson and another man dragged her out into the alley. She testified that she was wrestled down and that "he started having intercourse with me...". The day after the attack she told an investigator that Johnson had penetrated her, that he was still "in her" when the police arrived, but that he had not climaxed.

The hospital records made just after the attack reveal that the victim told hospital personnel that Johnson had attempted to rape her but that the police came before he had penetrated her. The victim testified at trial that at the hospital she thought by "penetration" they were referring to ejaculation.

Johnson argues that the victim's testimony that penetration occurred was not only

uncorroborated, but was refuted by her statement at the hospital, rendering the evidence insufficient.

■ First, we disagree that the victim's testimony that penetration occurred was wholly uncorroborated. The jury was entitled to draw an inference of penetration from the evidence of blood on the bodies and clothes of the victim and Johnson, coupled with her testimony that it was "her time of the month". Also, when the victim was rescued by the police, she was screaming he had raped her. Penetration can be proven by circumstantial evidence. *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304.

The victim's inconsistent statement at the hospital, together with other more minor inconsistencies in her testimony and the fact that she was intoxicated during the incident, are matters going to the weight of her testimony, which is within the jury's province to determine. *Lambert v. State* (1983) Ind., 448 N.E.2d 288. Here, we look only to the evidence most favorable to the State, and will not reweigh evidence and credibility. *Geisleman v. State* (1980), 274 Ind. 241, 410 N.E.2d 1293.

■ We disagree with Johnson that the victim's testimony was unworthy of belief. It was corroborated through inferences to be drawn from her condition and statement at the scene and her statement the next day to the investigator. Despite the inconsistencies, the jury reasonably concluded that rape was proven beyond a reasonable doubt. *See, Lambert v. State, supra,* 448 N.E.2d 288.

## II. Eleven-Member Jury

During Johnson's trial, the alternate juror replaced a jury member who was excused because of a death in the family. Then, at the conclusion of the presentation of the evidence and after a recess, another juror was unable to return to court because of temporary transportation problems, the following occurred:

*The Court to Appellant:* We've just been talking on the phone with one of the jurors, who indicated when he went home for lunch today, his auntie took the car, and he has no way to get back to court. Because of the storn conditions that we have right now, the deputies are all busy with their other duties under emergencies like this, so they are not able to transport a juror to court.

Counsel has indicated that you wish to proceed to go on to the conclusion of the case with eleven jurors since...the alternate...has been called away....

That leaves us with only eleven jurors. You understand that you have the Constitutional right to a trial by jury; and in this State, on this charge, it is a trial before twelve individuals. But you may choose to proceed with a trial with less than twelve if you want to. What is your choice?

*Appellant:* I wish to proceed.

*The Court:* All right. That means you wish to go with eleven jurors instead of twelve?

*Appellant:* Yes, sir.

*The Court:* Okay, Has anyone promised you anything to induce you to give up this right to twelve?

*Appellant:* No, sir.

*The Court:* Anyone threatened you with anything to compel you to give up this right?

*Appellant:* No, sir.

\*    \*    \*    \*    \*    \*

*Counsel for Appellant:* For the record, Mr. Johnson, you and I have discussed both the pros and cons of this, is that correct?

*Appellant:* Yes, sir.

*Counsel:* And as you just stated to the Judge, it is your decision to proceed with eleven?

*Appellant:* Yes.

Johnson now claims his waiver was invalid because he was "not advised of all his options", although he has not elaborated on the options of which he was ignorant.

■ The trial judge advised Johnson of his right to a jury of twelve. He and his attorney had discussed the matter, and all parties consented to an eleven-member

jury. Appellant personally expressed his desire to proceed.

Johnson has not convincingly disputed what the record makes clear—that he knowingly and intelligently waived a jury of twelve.

### III. Sentence

 Johnson claims the 14-year sentence he received was excessive, pointing to the fact that it had been almost eight years since his previous rape conviction. He argues he had been released early without parole for that crime, which, he claims, shows he responds quickly to rehabilitation.

Appellant was sentenced as follows:

The standard term for rape, a class B felony, is ten years. It can be reduced for mitigating factors, and it can be increased for aggravating factors. I find in aggravation that the defendant has a history of criminal activity, to-wit: as a juvenile, in 1971, burglary in the second degree; as an adult, rape, 1976. I find further the defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility for the reasons that his previous incarceration for the same offense has had no deterrent effect. I find nothing in mitigation.

For those reasons, the defendant is now committed to the Department of Corrections for classification and confinement in a maximum security facility for a period of fourteen years....

Sentencing is a matter committed to the sound discretion of the trial court. *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149. Here, the court enhanced the presumptive term by four years based upon a finding of aggravating factors. His findings were supported by the record and were within the statutory guidelines. Ind. Code § 35–38–1–7 (Burns 1985 Supp.).

 The court was not required to view Johnson's previous early release and the some four years which passed after his release from prison before he committed the present rape in the positive light urged by appellant. *See, Gibbs v. State* (1984), Ind., 460 N.E.2d 1217. We find no error.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.