Jon LOWELL, Appellant,

v.

STATE of Alaska, Appellee.

No. 2740.

Supreme Court of Alaska.

Feb. 24, 1978.

■■■■■■■■■■■■■■■■■■

Robert Merle Cowan and Chris J. Rigos, Asst. Public Defenders and Brian Shortell, Public Defender, Anchorage, for appellant.

Michael A. Thompson, Asst. Dist. Atty., and Geoffrey G. Currall, Dist. Atty., Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

CONNOR, Justice.

This appeal concerns impeachment of a defendant's testimony by evidence of a prior felony conviction.

Jon Edward Lowell, whose apparent true name is Raymond Daniel McClusky, was convicted on a jury verdict finding him guilty of two counts of embezzlement. Lowell was the trainee manager of a movie theater in Ketchikan. His duties included making night deposits of theater receipts at a bank. On two occasions in December 1974 he took the money, but did not deposit it in the bank. The sums were $105.25 and $174.45. He was sentenced to three years in prison on each count, sentences to run concurrently.

Lowell testified in his own defense. To impeach his credibility as a witness, the state elicited that he had been convicted of grand larceny by the superior court at Sitka on January 10, 1975. That conviction was on a plea of nolo contendere.

Lowell argues that this form of impeachment was improper. Specifically, he asserts: (1) that impeachment of a defendant/witness by prior convictions violates the due process clause and other constitutional guarantees, and Criminal Rule 26(f); (2) that the trial court failed to properly balance the probative value of the conviction against the probable prejudice; (3) that grand larceny is not a crime involving dishonesty or false statement and so cannot be used to impeach; and (4) that in any event it is improper to impeach by means of a conviction on a nolo contendere plea.

I

Appellant asserts that the use of a prior criminal conviction to impeach his credibility denied him due process of law under both the Alaska Constitution and the United states Constitution.[1]

In *Parish v. State*, 477 P.2d 1005 (Alaska 1970), by a three-to-two decision we held that due process of law is not offended by this form of impeachment. Appellant argues, however, that we should reexamine this question in light of the passage of time and the additional commentary which has since become available.[2] We have considered the authorities cited to us, but we are not persuaded that our holding in *Parish v. State*, was wrong. We are aware that in *State v. Santiago*, 53 Haw. 254, 492 P.2d 657, 661 (1971), the Hawaii Supreme Court held that any impeachment of a defendant by prior convictions is unconstitutional because it places an unreasonable burden on the defendant's right to testify. In Alaska we have selected a different approach to the problem.[3] In 1973 we adopted Criminal Rule 26(f), which states:

"(f) *Impeachment by Evidence of Conviction of Crime.*

---

1. Article I, § 7, Alaska Constitution; 14th amendment, United States Constitution.

2. Appellant also states that the due process question was not squarely facing the court in *Parish v. State, supra.* However, the dissent there did rely upon the due process clause. It was necessary, therefore, for the majority opinion to pass upon the question.

3. *See Scott v. State*, 445 P.2d 39 (Alaska 1968), *cert. denied*, 393 U.S. 1082, 89 S.Ct. 864, 21 L.Ed.2d 775 (1969); *Gafford v. State*, 440 P.2d 405 (Alaska 1968); *Sidney v. State*, 408 P.2d 858 (Alaska 1965). Prior to the adoption of Criminal Rule 26(f) in 1973, any witness, including the defendant, was impeachable by any criminal conviction under the now-repealed Civil Rule 43(g)(11)[b] and 43(h)(7).

(1) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime involved dishonesty or false statement.

(2) *Time Limit.* Evidence of a conviction under this rule is inadmissible if a period of more than 5 years has elapsed since the date of the conviction of the witness.

(3) *Effect of Pardon, Annulment, or Certificate of Rehabilitation.* Evidence of a conviction is inadmissible under this rule if:

(i) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and

(ii) the procedure under which the same was granted or issued required a substantial showing of rehabilitation or was based on innocence.

(4) *Admissibility.* Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect."

■ A statutory provision similar to this was sustained against constitutional attack in *Dixon v. United States,* 287 A.2d 89 (D.C.App.1972), *cert. denied,* 407 U.S. 926, 92 S.Ct. 2474, 32 L.Ed.2d 813 (1972).[4] We find little in appellant's constitutional argument which we did not consider in deciding *Parish v. State, supra.* We are not persuaded that it should be overruled, and we are not convinced that *State v. Santiago* offers the correct solution. We conclude that due process of law was not violated by the introduction of appellant's prior conviction in the case at bar.[5]

■ Appellant advances three additional constitutional arguments. The first is that equal protection of the laws[6] is denied to defendants with criminal records, for they are more reluctant to take the witness stand than those without records. We are not convinced that our evidentiary rule rises to the level of an invidious discrimination which is constitutionally infirm. Evidentiary rules by their very nature employ criteria and conditions which render evidence admissible against some defendants but not others. But states are free to employ such rules as long as they do not seriously encroach upon basic constitutional rights. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Equal protection of the laws was not denied to appellant.[7]

Second, appellant argues that our impeachment rule violates the privilege against self-incrimination in that it enhances the likelihood that he will be convicted. Lastly, he urges that the rule deprives him of a fair and impartial jury. Both of these latter contentions add nothing which is not

---

4. *Accord United States v. Belt,* 169 U.S.App. D.C. 1, 514 F.2d 837 (1975) (en banc).

5. Although, as appellant points out, we are not obliged to interpret the Alaska Constitution in the same manner as the United States Supreme Court, *Breese v. Smith* 501 P.2d 159 (Alaska 1972); *Baker v. City of Fairbanks,* 471 P.2d 386 (Alaska 1970), we believe the language of the United States Supreme Court in *Spencer v. Texas,* 385 U.S. 554, 562, 87 S.Ct. 648, 653, 17 L.Ed.2d 606 (1967), which held constitutional a state recidivist statute allowing the jury to consider evidence of prior criminal convictions along with evidence of guilt on the primary charge, is apposite:

"To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence."

6. Article I, § 1, Alaska Constitution; 14th amendment, United States Constitution.

7. As the state points out, to accept appellant's argument would mean that the defendant would not be subject to impeachment as would ordinary witnesses, and to that extent would be able to assume a cloak of honesty and veracity which he had not worn in the past, while other witnesses would have to disclose any convictions admissible under the impeachment rule. In that sense appellant asks to be placed in a favored position in comparison with other witnesses.

comprehended within the due process argument, which we have already disposed of adversely to appellant.

■ It is next argued that Criminal Rule 26(f) refers to impeachment of a witness, and is silent as to impeachment of a defendant who becomes a witness. Looking to the 1972 Criminal Rules Revision Committee's notes, appellant finds an intent to prohibit altogether the impeachment of a defendant through prior convictions, and urges that as we did in *State v. Sears*, 553 P.2d 907 (Alaska 1976), we should look to those notes for guidance in interpreting the rule. The state points out that Criminal Rule 26(f)(4) speaks of weighing probative value against prejudicial effect, which logically refers to the accused as a witness. And, since we did not adopt the 1972 committee proposal, but promulgated our own version, appellant's entire argument on this point collapses. We need not deal with it further.

## II

■ It is next argued that the trial court failed to weigh properly the probative value of the previous conviction against its prejudicial effect, as required by Criminal Rule 26(f)(4). Actually, the trial court took some pains to consider the relevant factors. First, as to the bearing of the prior conviction on credibility, our rule already limits the use of prior convictions to those involving dishonesty or false statement. Second, the prior conviction was close in time. Appellant was convicted of grand larceny on January 10, 1975; it was used against him on August 22, 1975. Additionally, counsel argued to the trial court at some length as to the balancing problem. The court excluded a prior conviction in 1974 for issuing checks without sufficient funds, but let the grand larceny conviction be used. Although the evidence against Lowell was circumstantial, and the need for his testimony may have been substantial if he were to rebut the case against him, this is only one of several factors to be considered. We are satisfied that the trial court did engage in the balancing process, as required by the rule, and that no error was committed.

## III

■ Appellant asserts that grand larceny is not a crime of dishonesty or false statement within the meaning of Criminal Rule 26(f)(1). To this the state responds with the thesis that "thieves are dishonest."

Appellant points out that the conference report on the analogous Rule 609(a) of the Federal Rules of Evidence states:

"By the phrase [dishonesty and false statement] the committee means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretenses, or any other offense in the nature of crimen falsi, the commission of which involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify truthfully." Moore, *Federal Practice*, Rules Pamphlet, Part 2, p. 626 (2d ed. 1975).

Larceny is not expressly included within this list. However, we agree with those courts and commentators who have held that larceny and embezzlement, among others, disclose the kind of dishonesty and unreliability which bear upon the veracity of persons perpetrating those crimes.[8] As to this question we find no error.

## IV

Appellant contends that a conviction based on a plea of nolo contendere cannot be used for impeachment in a subsequent proceeding. He contends that since a plea of nolo contendere is not an admission of guilt, it may not be used against the de-

8. *See, e. g., Gordon v. United States*, 127 U.S. App.D.C. 343, 347, 383 F.2d 936, 940 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968); *United States v. Carden*, 529 F.2d 443, 446 (5th Cir. 1976), cert. denied, 429 U.S. 848, 97 S.Ct. 134, 50 L.Ed.2d 121 (1976); *contra, Government of Virgin Islands v. Toto*, 529 F.2d 278, 281–83 (3d Cir. 1976); M. Ladd, "Credibility Tests—Current Trends," 89 U. of Pa.L.Rev. 166, 179–80 (1940). *See generally*, Comment, Impeaching and Rehabilitating a Witness with Character Evidence, 9 *U.C.D.L. Rev.* 319, 353–57 (1976).

fendant in any later or collateral proceedings, including impeachment of his subsequent testimony in another criminal matter.

The trial judge concluded that the important fact was that the nolo contendere plea resulted in a conviction, whether or not it was an admission. He did recognize that Criminal Rule 11(f), which requires that the court satisfy itself that there is a factual basis for the plea, applies only to guilty pleas and not nolo pleas, unlike most of the other provisions of Rule 11.

Courts which have considered the question have divided on whether a conviction on a nolo plea can be used to impeach the convicted person's credibility.

Some have adopted the view that the entry of a judgment of conviction is the only permissible consequence of a nolo plea, and even the conviction—as distinguished from the plea—cannot be used against the defendant later. *E. g., United States v. Ward*, 481 F.2d 185, 186 (5th Cir. 1973); *Olszewski v. Goldberg*, 223 Mass. 27, 111 N.E. 404 (1916).

The other view is the one which the trial court adopted here: that the only forbidden consequence of a nolo plea is its use as an admission in a civil action, and that all other uses of the conviction are permissible as if the plea were of guilty, not nolo. *See, e. g., Pfotzer v. Aqua Systems, Inc.*, 162 F.2d 779, 784–85 (2d Cir. 1947) (L. Hand, J.); *Masters v. Commissioner of Internal Revenue*, 243 F.2d 335, 338 (3d Cir. 1957); *Lacey v. People*, 166 Colo. 152, 442 P.2d 402, 405 (1968).

In Alaska a defendant may plead nolo contendere as a matter of right. Criminal Rule 11(a). If a conviction based on such a plea cannot be used for impeachment purposes, there would be a strong incentive to criminal defendants generally to resort to the plea for that very reason. This inclines us toward the view that nolo pleas should be usable for impeachment. Appellant notes that Criminal Rule 11(e)(6) provides that in cases of negotiated pleas neither the underlying plea discussion nor the resulting plea can be used in any criminal action, if the plea discussion does not result in a plea of guilty, or if the plea is later withdrawn. Appellant's plea of nolo contendere to grand larceny was the result of a plea negotiation. Thus, urges appellant, Criminal Rule 11(e)(6) by negative implication renders nolo pleas not usable for impeachment in any other proceeding. We are not persuaded. Any conflict between Criminal Rule 11(e)(6) and Criminal Rule 26(f) must, in our opinion, be resolved against appellant. Criminal Rule 11(e)(6) was meant to cover situations in which a binding plea does not result. That it does not mention nolo pleas can be regarded as a drafting oversight. We hold that convictions based upon pleas of nolo contendere may be used, within the limits of Rule 26(f), to impeach a witness, including a defendant/witness, who testifies in a later proceeding.

There being no error, the conviction is AFFIRMED.