[No. 8955-2-I.    Division One.    September 14, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN JOBE, *Appellant.*

---

*Matthew Peach,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* and *Mac-Duffie Setter, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction of second degree assault.

The victim testified that he had met the defendant at a gas station where the defendant asked him for a ride. They spent the better part of that day together. At one of several stops, defendant entered a house and returned with several rifles and shotguns so that the two could go bird hunting. After hunting for a period of time, the defendant shot the victim in the chest. As the victim was getting away, he claimed that the defendant continued to shoot at him, shattering the driver's rearview mirror and side view mirror. The defendant claimed the shooting was an accident and that the mirrors had been damaged earlier when he had been shooting at a crow. Defendant testified that the victim must have been in shock after being hit and was in error about being shot at from 6 to 10 times.

After the close of testimony, the prosecutor offered, and the court admitted a certified copy of the judgment of conviction and plea of guilty showing the defendant had been convicted of second degree assault about 6 months prior to

this trial. The court instructed the jury that this could be considered only as it might reflect upon the defendant's credibility and the prosecutor added the same caution in closing argument.

The sole assignment of error is admission of evidence as to the prior conviction.

ER 609(a) states that

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The defendant argues that the probative value of the conviction was outweighed by its prejudicial impact and the defendant was thereby denied a fair trial.

The history of the question is interesting. At common law, persons convicted of infamous crimes were excluded from testifying as witnesses in courts of justice. Not all crimes were deemed infamous, but treason, felony and the crimen falsi were classed as such. *State v. Payne,* 6 Wash. 563, 569, 34 P. 317 (1893). The Territorial Assembly altered the common law rule in 1862 by providing that:

> No person offered as a witness shall be excluded from giving evidence by reason of conviction for crime, but such conviction may be shown to affect his credibility: *Provided,* That no person who shall have been convicted of the crime of perjury, shall be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon.

Laws of 1862, ch. 32, § 329. This particular language remained little changed through years of successive amendments to the general statutory scheme regulating the compelling of witnesses to testify. *See* Laws of 1869, ch. 34, § 385; Laws of 1873, ch. 35, § 385; Laws of 1875, ch. 35, § 382;

Laws of 1877, ch. 36, § 392; Code of 1881, ch. 36, § 390; Laws of 1891, ch. 19, § 1. Then, in 1909, the legislature amended the statute to provide that:

> Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross–examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross–examining shall not be concluded by his answer thereto.

Laws of 1909, ch. 249, § 38, Rem. & Ball. Code § 2290. This statute was recodified, unchanged, in 1951 as RCW 10.52-.030.

In his concurring opinion in *State v. Murray,* 86 Wn.2d 165, 171–72, 543 P.2d 332 (1975), Justice Rosellini questioned the impeachment of a witness by prior convictions, stating that

> I think both bench and bar should give serious thought to a possible restriction of the right to introduce evidence of prior convictions for impeachment purpose, by court rule. Further, I would be inclined to review and consider the validity of the statute permitting evidence of prior convictions, were the question to come before the court in a case where such evidence may well have been the determining factor in the mind of the jury.

In response to this and other criticism, ER 609 was adopted by the Supreme Court in 1979, rejecting the clear, long established legislative pronouncement that a prior conviction is always relevant, and placing in the trial court the discretion to determine admissibility.

█ In the present case, we must determine if the record reflects evidence before the trial judge, which on balance would permit the conclusion that the probative value outweighs the prejudicial effect.

Some other factors that may be considered in weighing probative value of credibility against potential prejudice include: (1) the length of the defendant's criminal

record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime.

*State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980).

The defendant testified and there was therefore no chilling effect upon his right to testify. He was but 18, admitted considerable misconduct while testifying on the stand, but his adult criminal record was probably not extensive. The prior conviction was recent and was for assault. Because the testimony was that of the victim against the defendant, credibility of the defendant was the central issue. We conclude that all of the factors suggested in *State v. Alexis, supra* were before the trial court. Furthermore, because of the discretionary nature of the decision to admit the prior conviction, we should not interfere with that judgment. *State v. Grimes,* 30 Wn. App. 55, 631 P.2d 1024 (1981); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Affirmed.

WILLIAMS and CALLOW, JJ., concur.