[No. 8983–8–I.  Division One.  June 7, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM SHERMAN ZIBELL, *Appellant.*

*Robert C. Boruchowitz* and *Janet Ainsworth* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deanna Fuller, Deputy,* for respondent.

JAMES, J.—Willie Zibell appeals his conviction for statutory rape in the second degree.[1] We reverse.

A girl, aged 12 at the time of the incident, testified that she agreed to "go out" with Zibell, then aged 18, on the evening of November 18, 1979. She remained with Zibell until the following evening, and on that afternoon engaged in consensual sexual intercourse with Zibell. Zibell admitted having intercourse but defense witnesses testified that the incident occurred on September 15, a few days before

---

[1]RCW 9A.44.080(1) provides:

"A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old."

his 18th birthday. Zibell's defense was that he believed the girl to be 16, based on statements to that effect allegedly made by her.

During trial, Zibell moved to exclude evidence of his prior conviction for third degree possession of stolen property. The trial judge denied the motion, and the following colloquy took place:

[Counsel:] . . . I also want to make a record, . . . if I call the defendant to testify, because of trial tactics, I want to be the one to ask him if he has ever been convicted of a crime, and the only reason I am going to do that is simply because of the Court's ruling. Otherwise, of course, I would never ask the question. I want that to be clear, in the event I do.

THE COURT: I understand.

Defense counsel thereafter elicited, upon direct examination, Zibell's testimony that he had been convicted of third degree possession of stolen property.

Zibell contends the trial judge erred by denying his motion to exclude evidence of this prior conviction for possession of stolen property. We agree.

ER 609(a) is controlling:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

A conviction for possession of or receiving stolen property is admissible under ER 609(a)(1) if its probative value exceeds its prejudicial effect. *United States v. Field,* 625 F.2d 862 (9th Cir. 1980); *People v. McFarland,* 108 Cal. App. 3d 211, 166 Cal. Rptr. 429 (1980). But third degree possession of stolen property is a gross misdemeanor, RCW 9A.56.170(2), and as such is not punishable by imprisonment in excess of 1 year, RCW 9A.20.020(2). Consequently,

such a conviction is admissible only if it constitutes a crime of "dishonesty or false statement."

The relevancy of a witness' past disregard for the law to his credibility as a witness has been recognized in Washington appellate decisions prior to, *e.g., State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977), and subsequent to the adoption of ER 609. *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982). But before ER 609, trial judges were *required* to admit evidence of prior convictions. *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980). No distinction was made based upon the type of crime or its classification as a felony or misdemeanor. RCW 10.52.030, superseded by ER 609; *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969); *State v. Martz,* 8 Wn. App. 192, 504 P.2d 1174 (1973).

ER 609 represents a restriction upon the admissibility of prior convictions, as compared to prior Washington law. Under ER 609(a)(2), evidence of crimes involving dishonesty or false statement must be admitted when offered; the trial judge has no discretion. Under ER 609(a)(1), evidence of other crimes which constitute felonies under Washington law, *see* RCW 9A.20.020, is admissible within the sound discretion of the trial judge. *State v. Alexis, supra.*

But "[i]n exercising its discretion through the balancing procedure prescribed by ER 609, the trial court . . . should have in mind that the only purpose of impeaching evidence is to aid the jury in evaluating a witness' credibility . . ." *State v. Alexis, supra* at 18–19. To be admissible under *either* subsection of ER 609(a), the prior conviction must be relevant to the defendant's credibility; that is, his capacity to give honest and truthful testimony. Thus, offenses whose probative value relating to credibility could reasonably be said to exceed their prejudicial effect must have some "dishonest" character as that term is popularly understood: "characterized by lack of truth, honesty, probity, or trustworthiness or by an inclination to mislead, lie, cheat, or defraud". *Webster's Third New International Dictionary* 650 (3d ed. 1969). To treat all such crimes as

crimes of "dishonesty" within the meaning of ER 609(a)(2) robs subsection (2) of the distinct meaning which the drafters of the rule obviously intended it to have, leaving it only as a means of assuring the admissibility of most misdemeanors all of which are excluded by ER 609(a)(1). Further, subsection (a)(2) does not afford the trial judge any discretion. *State v. Alexis, supra; State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981). If all crimes somehow relating to "dishonesty" must be admitted, then ER 609 represents no discernible change from the unrestricted admission rule of prior law. This has not hitherto been considered the effect of the adoption of ER 609. *See State v. Alexis, supra; State v. Jobe,* 30 Wn. App. 331, 633 P.2d 1349 (1981).

If a broad definition of "dishonesty" is employed to determine whether possession of stolen property and comparable offenses such as theft constitute crimes of "dishonesty," "[a]t first blush, the question seems easily resolved." *United States v. Papia,* 560 F.2d 827, 845 (7th Cir. 1977). But our reading of ER 609(a)(2), in the context of the entire rule and in light of the rule's purpose, persuades us that the meaning of "dishonesty" as used in the rule cannot be derived solely from "first blush" impressions.

■ Because the language of ER 609(a) is identical to Fed. R. Evid. 609(a), 28 U.S.C. 283, and "[t]his rule is substantially the same as Federal Rule 609 . . .", Comment, ER 609, 91 Wn.2d 1117, 1150 (1978), quoted in *State v. Alexis, supra* at 16, it is appropriate to look to the legislative history of federal rule 609(a) and federal case law thereunder to delineate the scope of crimes involving "dishonesty or false statement."

■■ The Senate Judiciary Committee Report defines crimes of "dishonesty or false statement":

By that phrase, the committee means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit or

falsification bearing on the accused's propensity to testify truthfully.

S. Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 7051, 7061. The House–Senate Conference Report defines crimes of "dishonesty or false statement" in a like manner:

> By the phrase "dishonesty [or] false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Conf. Rep. No. 1597, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 7098, 7103. *See generally* 3 J. Weinstein & M. Berger, *Evidence,* Rule 609, at 609–2 to 609–54 (1981). Possession of stolen property is not one of the specified crimes. The remaining category, "crimen falsi," refers to the so–called "crimes of infamy." *State v. Payne,* 6 Wash. 563, 34 P. 317 (1893); *Willey v. Hilltop Assocs., Inc.,* 13 Wn. App. 336, 535 P.2d 850 (1975). At common law, persons convicted of "crimes of infamy" were regarded as so untrustworthy that their testimony was excluded at trial. 2 J. Wigmore, *Evidence* § 519 (rev. 1979); *State v. Jobe, supra.*

> [P]ersons are rendered infamous . . . by having been convicted of forgery, perjury, subornation of perjury, suppression of testimony by bribery, or conspiracy to procure the absence of a witness, or other conspiracy, to accuse one of a crime, and barratry. And from these decisions it may be deduced, that the "crimen falsi" of the Common Law not only involves the charge of falsehood, but also is one which may injuriously affect the administration of justice, by the introduction of falsehood and fraud.

(Footnotes omitted.) 2 J. Wigmore, *Evidence* § 520 (rev. 1979). *Accord,* Black's Law Dictionary 446–47 (4th rev. ed. 1968). "Crimen falsi" do not include the offense of petit larceny. *State v. Payne, supra.* We perceive that possession

of stolen property also falls outside the parameters of "crimen falsi."

Federal decisions have limited the convictions admissible under federal rule 609(a)(2) to a "'narrow subset of crimes'—those that bear *directly* upon the accused's propensity to testify truthfully." *United States v. Fearwell,* 595 F.2d 771, 777 (D.C. Cir. 1978) (attempted petit larceny conviction not admissible under rule 609(a)(2)). *Accord, United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 54 L. Ed. 2d 143, 98 S. Ct. 204 (1977) (conviction for importing narcotics not admissible under rule 609(a)(2) absent showing importation involved false oral or written statements); *United States v. Cunningham,* 638 F.2d 696, 698 (4th Cir. 1981) (conviction for "worthless checks," without further specificity, not admissible under rule 609(a)(2)); *United States v. Ashley,* 569 F.2d 975 (5th Cir.), *cert. denied,* 439 U.S. 853, 58 L. Ed. 2d 159, 99 S. Ct. 163 (1978) (shoplifting conviction not admissible under rule 609(a)(2)); *United States v. Ortega,* 561 F.2d 803 (9th Cir. 1977) (shoplifting conviction not admissible under rule 609(a)(2)); *United States v. Field,* 625 F.2d 862, 872 (9th Cir. 1980) (conviction for receiving stolen property "suggests a lack of veracity . . ., though not so clearly as do those crimes falling within rule 609(a)(2)"); *United States v. Seamster,* 568 F.2d 188 (10th Cir. 1978) (burglary convictions not admissible under rule 609(a)(2)).

We hold that crimes of "dishonesty or false statement" admissible under ER 609(a)(2) are limited to a "'narrow subset of crimes'—those that bear *directly* upon the accused's propensity to testify truthfully", *United States v. Fearwell, supra* at 777. As we recognized in *State v. Moore,* 29 Wn. App. 354, 628 P.2d 522 (1981), robbery is not such an offense. Likewise, Zibell's conviction for third degree possession of stolen property is not directly probative of whether he would or would not testify truthfully. We conclude this conviction is not one which "bear[s] *directly* upon the accused's propensity to testify truthfully" and it was therefore inadmissible.

The trial judge also admitted, for impeachment purposes, a defense witness' prior conviction for third degree possession of stolen property. The limitations of ER 609(a) apply to impeachment of any "witness"; thus, admission of this evidence was also error.

In reaching our conclusion, we are not unmindful of the state court decisions supporting the proposition that theft or possession of stolen property is "dishonest" within a broad definition of "dishonesty." To the extent these decisions do not arise under a state version of the federal rule or involve felonies admissible under subsection (a)(1), they are not helpful to analysis of the issue before us. *See Lowell v. State,* 574 P.2d 1281 (Alaska 1978); *Geisleman v. State,* 410 N.E.2d 1293 (Ind. 1980); *State v. Webb,* 309 N.W.2d 404 (Iowa 1981); *State v. Ybarra,* 102 Idaho 573, 634 P.2d 435 (1981); *State v. Thomas,* 220 Kan. 104, 551 P.2d 873 (1976); *Commonwealth v. Woods,* 275 Pa. Super. 392, 418 A.2d 1346 (1980).

With respect to the "extremely narrow" circumstances under which ER 609(a)(2) would come into play, we observe first, that Congress was doubtless aware of federal statutes which classify some of the designated crimes as felonies,[2] and, second, that misdemeanors of "dishonesty and false statement," as that term is interpreted under Federal Rule of Evidence 609, are not so few in number that ER 609(a)(2) is rendered meaningless.[3]

In view of our disposition of the case, we do not address Zibell's remaining assignments of error. The judgment is reversed and the case remanded for trial consistent with

---

[2]18 U.S.C. § 201 (bribery); 18 U.S.C. § 1621 (perjury); 18 U.S.C. § 1622 (subornation of perjury); 18 U.S.C. §§ 641 *et seq.* (embezzlement of items valued at over $100); 18 U.S.C. § 1001 (false statement).

[3]RCW 9A.72.040 (false swearing); RCW 9A.60.040 (criminal impersonation); RCW 9.45.040 (fraud on innkeeper); RCW 9.45.100 (fraud in assignment for benefit of creditors); RCW 9.45.120 (using false weights and measures); RCW 9.45.150 (fraudulent concealment of foreign matter in merchandise); and RCW 9A.56-.060(5) (fraudulent issuance of checks or drafts) are among the offenses which fall within the scope of the congressional committee reports.

this opinion.

RINGOLD, J., concurs.

ANDERSEN, C.J. (dissenting)—I would affirm the defendant's conviction of statutory rape in the second degree. I disagree with the holding of the majority that the defendant, who had previously been convicted of the crime of possession of stolen property in the third degree, had not been convicted of a crime which "involved dishonesty".[4] To steal is "dishonest". To possess stolen property knowing it was stolen is "dishonest". Evidence of the prior convictions of the defendant and his witness was, therefore, admissible to impeach them and the trial court did not err by so ruling.

The impeachment by evidence of conviction of crime rule adopted by the Supreme Court of this state which pertains to convictions of crimes other than felonies is clear and unambiguous. It reads as follows:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime *shall be admitted* if elicited from him or established by public record during cross–examination but only *if the crime* . . . (2) *involved dishonesty* or false statement, regardless of the punishment.

(Italics mine.) ER 609(a)(2).

Court rules are to be read the same as statutes, in that the words therein are to be given their ordinary meaning.[5] Where the language is clear and unambiguous, there is no

---

[4] "'Possessing stolen property' means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1).

"A person is guilty of possessing stolen property in the third degree if he possesses stolen property which does not exceed two hundred fifty dollars in value." RCW 9A.56.170(1).

[5] *State ex rel. Schillberg v. Everett District Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978).

room for judicial interpretation,[6] and the meaning must be derived from the rule itself.[7] When a rule or statute is not ambiguous, there is no need to examine legislative history to construe it.[8]

Applying the foregoing principles to ER 609(a)(2), set out above, it is apparent that: the rule is clear, unambiguous and leaves no room for judicial interpretation; the meaning of the rule should be derived from the rule itself; and there is no need for examining the legislative history of the federal counterpart of our rule. By any view of the statutory definition of the crime of possession of stolen property in the third degree (footnote 4), the crime "involved dishonesty", therefore, evidence of the conviction was admissible for impeachment purposes under ER 609(a)(2).

Beginning with the language of the rule itself, the word "dishonesty" means "deceiving, stealing, etc." *Webster's New World Dictionary* (College ed. 1968). Moreover, as Chief Justice Burger wrote for the court when he served on the United States Circuit Court of Appeals, "[i]n common human experience acts of deceit, fraud, cheating, or stealing, . . . are universally regarded as conduct which reflects adversely on a man's honesty and integrity." (Footnote omitted.) *Gordon v. United States,* 127 U.S. App. D.C. 343, 383 F.2d 936, 940 (D.C. Cir. 1967), *cert. denied,* 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421 (1968). *Accord, United States v. Ackridge,* 370 F. Supp. 214, 218 (E.D. Pa. 1973), *aff'd,* 500 F.2d 1400 (3d Cir. 1974). Here, the defendant's recent conviction of possession of stolen property in the third degree was probative of his credibility as a witness, and the jury was entitled to evaluate his trial testimony in light of his past disregard for the law. The trial court did not err in so ruling.

The legislative history of the equivalent federal rule, to

---

[6]*Roza Irrig. Dist. v. State,* 80 Wn.2d 633, 635, 497 P.2d 166 (1972).

[7]*In re Lehman,* 93 Wn.2d 25, 27, 604 P.2d 948 (1980).

[8]*State v. Atkinson,* 19 Wn. App. 107, 118, 575 P.2d 240 (1978).

which the majority refers, has been aptly referred to as a "tortured path".[9] It is unnecessary to resort to that legislative history in order to inject an esoteric concept such as "crimen falsi" into a hitherto unambiguous rule, and to do so will only lead to uncertainty and confusion. Elsewhere in the legislative history of the federal rule, for example, it is pointed out that the term "crimen falsi" has definitions other than that quoted by the majority from the legislative history.[10]

Since the concept of "crimen falsi" has, however, been read into this state's ER 609(a)(2) by the majority, it should be noted that many other decisions dealing with that concept have reached conclusions precisely to the contrary of that which the majority reaches herein.

*People v. Spates,* 77 Ill. 2d 193, 32 Ill. Dec. 333, 395 N.E.2d 563 (1979) is one such example. As pointed out in *Spates* by the Supreme Court of Illinois, that state has adopted proposed Fed. R. Evid. 609, which in its pertinent parts is substantially the same as our rule.[11] In *Spates,* 77

---

[9]3 J. Weinstein & M. Berger, *Evidence* 609–11 (1981).

[10]In the commentaries to the first draft of the Federal Rules of Evidence, the Advisory Committee on the rules of evidence observed: "Unless one practices in a jurisdiction which has statutorily defined crimen falsi, the common law definition of 'any crime which may injuriously affect the administration of justice, by the introduction of falsehood and fraud' is applicable. This definition has been held to include forgery, perjury, subornation of perjury, suppression of testimony by bribery, conspiracy to procure the absence of a witness or to accuse of crime, obtaining money under false pretenses, stealing, moral turpitude, shoplifting, intoxication, petit larceny, jury tampering, embezzlement and filing a false estate tax return. In other jurisdictions, some of these same offenses have been found not to fit the crimen falsi definition." *See* 3 J. Weinstein & M. Berger, *Evidence* 609–16 (1981).

[11]The proposed Fed. R. Evid. 609 adopted in Illinois was as follows:
"(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere,* is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." *People v.*

Ill. 2d at 201, 395 N.E.2d at 567, the court stated the issue thusly: "[t]he issue here thus becomes whether the crime of misdemeanor theft is a crime involving dishonesty or false statement, so that a conviction for that offense is admissible for the purpose of impeaching a witness." The Illinois Supreme Court then went on to point out that, as in the present case, "[t]he defendant argues that only a conviction which falls into that class of crime characterized at common law as *crimen falsi* should be admitted to impeach a witness."

In dealing with this issue, the *Spates* court stated in pertinent part:

> Additionally, a close look at the *crimen falsi* offenses reveals that most of the offenses covered by that term—perjury, subornation of perjury, bribery of a juror, communicating with jurors and witnesses—are felonies. Evidence of conviction of those crimes is admissible under proposed Rule 609(a)(1), independent of the requirement of dishonesty or false statement.

*People v. Spates,* 77 Ill. 2d at 202, 395 N.E.2d at 568. Further, it disposes of arguments, which the majority opinion in the case before us accepts, as follows:

> Therefore, were we to limit the types of misdemeanor convictions which are admissible to impeach to the *crimen falsi* offenses and crimes of deception, as argued by the defendant, we would restrict the rule to the point where its use would be extremely rare. This we refuse to do. We therefore hold that theft is a crime falling within proposed Rule 609(a)(2), involving dishonesty or false statement.
>
> Support for our holding is obtained by reference to Webster's Third New International Dictionary 650 (1971) where "dishonest" is defined as a "breach of honesty or trust, as lying, deceiving, cheating, *stealing,* or defrauding * * *." (Emphasis added.) Assuming that the drafters of the Federal rules of evidence intended the natural meaning of their words, we can perceive no reason why proposed Rule 609(a)(2) should not encompass both theft, as an act of dishonesty, as well as perjury, as an act

*Spates,* 77 Ill. 2d 193, 32 Ill. Dec. 333, 395 N.E.2d 563, 567 (1979).

of false statement. This interpretation is especially justified since the rule is written using the disjunctive conjunction "or," designating that either of two alternatives would fall within the rule. Since crimes involving affirmative misstatements are presumably included by the phrase "false statement," crimes involving *conduct* that is dishonest, of which theft is surely one, are included by the term "crimes involving dishonesty."

*People v. Spates,* 77 Ill. 2d at 202–03, 395 N.E.2d at 568.

The court in *Spates* concluded its discussion of the issue as follows:

The more sensible approach is that a conviction for theft, of whatever type, will be admissible to impeach the credibility of a witness. This interpretation of proposed Rule 609(a)(2) has been more often accepted by our appellate court, and we think it the better approach.

*People v. Spates,* 77 Ill. 2d at 203–04, 395 N.E.2d at 568. I agree.

In *State v. Melendrez,* 91 N.M. 259, 572 P.2d 1267 (Ct. App. 1977), the Court of Appeals of New Mexico construed that state's evidence rule 609(a)(2) which reads like this state's ER 609(a)(2). After analyzing "crimen falsi", that court succinctly concluded:

Shoplifting involves cheating or stealing, that is, dishonest conduct, and such conduct reflects adversely on the veracity of the shoplifter. The question concerning the shoplifting conviction was a proper question.

*State v. Melendrez,* 91 N.M. at 261, 572 P.2d at 1269.

The State of Alaska has also dealt with this precise issue in several decisions. In *Lowell v. State,* 574 P.2d 1281 (Alaska 1978), the defendant asserted (as the defendant in effect does here) that larceny is not a crime involving dishonesty or false statement within the terms of Alaska Criminal Rule 26(f). The Supreme Court of Alaska quoted the same committee report that the majority relies on here, but came to a different conclusion. It held:

Appellant points out that the conference report on the analogous Rule 609(a) of the Federal Rules of Evidence states:

"By the phrase [dishonesty and false statement] the committee means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretenses, or any other offense in the nature of crimen falsi, the commission of which involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify truthfully." Moore, *Federal Practice,* Rules Pamphlet, Part 2, p. 626 (2d ed. 1975).

Larceny is not expressly included within this list. However, we agree with those courts and commentators who have held that larceny and embezzlement, among others, disclose the kind of dishonesty and unreliability which bear upon the veracity of persons perpetrating those crimes. As to this question we find no error.

(Footnote omitted.) *Lowell v. State,* 574 P.2d at 1284.

The viability of *Lowell* was affirmed in *Richardson v. State,* 579 P.2d 1372, 1376–77 (Alaska 1978), which approved impeachment on the basis of a prior conviction for petty larceny, and more recently in *Alexander v. State,* 611 P.2d 469, 475–76 (Alaska 1980).

Another illustrative recent opinion on the issue is that of the Appellate Court of Illinois in *People v. White,* 86 Ill. App. 3d 19, 23–24, 41 Ill. Dec. 74, 407 N.E.2d 572, 577 (1980). That court summarized as follows:

We recognize that a conviction for theft, *of whatever type,* is admissible to impeach the credibility of a witness. (*People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563). The crime of buying and receiving stolen property falls within the broad boundaries of the crime of theft. Moreover, it has been held that a defendant's prior misdemeanor conviction for receiving stolen property is admissible because the nature of the offense involves dishonesty. (*People v. Barnett* (1975), 34 Ill. App. 3d 174, 340 N.E.2d 116.) Consequently, it cannot be said that defendant's prior conviction was not probative as to aiding the jury in evaluating defendant's truthfulness.

Accordingly, the trial court did not abuse its discretion in denying defendant's motion *in limine* to bar the admission of this evidence at trial.

The foregoing are selected cases holding to the contrary of the majority opinion. Other jurisdictions holding to this

same effect include: Indiana, Iowa, Idaho, Kansas, Maine, Pennsylvania and Tennessee.[12]

For the foregoing reasons, I would hold that the trial court not only did not err in its ruling on the impeachment issue but, to the contrary, followed the clear unambiguous language of a duly adopted court rule of this state, ER 609(a)(2), as it was obligated to do. Even if it were for some reason considered necessary to explore the vagaries of the "crimen falsi" concept, I would still affirm based on the rationale of the Illinois, New Mexico and Alaska courts quoted above, and of the many other courts which also hold as they do. To rule as the majority does is, in the words of *People v. Spates,* 77 Ill. 2d at 202, 395 N.E.2d at 568, to "restrict the rule to the point where its use would be extremely rare." If ER 609(a)(2) is not a good rule of court, it should be changed or repealed; it should not be construed out of existence.

Neither am I persuaded that the trial court committed reversible error in any of the other respects claimed by the defendant, therefore, I would affirm his conviction.

Reconsideration denied July 20, 1982.

Review denied by Supreme Court October 22, 1982.

---

[12]*See, e.g., Geisleman v. State,* 410 N.E.2d 1293, 1296 (Ind. 1980); *State v. Webb,* 309 N.W.2d 404, 413 (Iowa 1981); *State v. Ybarra,* 102 Idaho 573, 634 P.2d 435, 443 (1981); *State v. Thomas,* 220 Kan. 104, 551 P.2d 873, 876 (1976); *State v. Trafton,* 425 A.2d 1320, 1323–24 (Me. 1981); *Commonwealth v. Woods,* 275 Pa. Super. 392, 418 A.2d 1346, 1351 (1980); *State v. Holtcamp,* 614 S.W.2d 389, 394 (Tenn. Crim. App. 1980).