[No. 57423–5.   En Banc.   May 16, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
McKINSEY, *Petitioner.*

*Paul J. Burns* and *Dana Griffin Burns,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *James R. Sweetser, Deputy,* for respondent.

BRACHTENBACH, J.—At issue is whether a prior conviction for first degree possession of stolen property is per se admissible for impeachment purposes under ER 609(a)(2). We hold that it is, and affirm the courts below.

Defendant David McKinsey was charged with first degree trafficking in stolen property and two counts of burglary. He was convicted of the lesser included offense of second degree trafficking in stolen property. Through a pretrial motion in limine, defendant sought to exclude evidence of prior convictions. In reliance upon *State v. Brown,* 111 Wn.2d 124, 761 P.2d 588 (1988) (*Brown* I), the trial court denied the motion and admitted for impeachment purposes evidence of prior convictions for first degree stolen property, second degree theft, and unlawful issuance of a bank check. Defendant testified, thus preserving any claimed error in admitting the prior convictions for impeachment purposes. *See State v. Brown,* 113 Wn.2d 520, 540, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989) (*Brown* II) (decided following a motion for reconsideration of *Brown* I).

Following his conviction, defendant appealed, assigning error to the trial court's admission of evidence of the prior conviction for first degree possession of stolen property. The Court of Appeals affirmed in an unpublished split opinion. *State v. McKinsey,* noted at 58 Wn. App. 1020 (1990). The Court of Appeals' majority relied upon the lead opinion in *Brown* II, which restated the ER 609 analysis from *Brown* I. Under that analysis, evidence of prior crimes of theft are per se admissible for impeachment purposes under ER 609(a)(2).

In a dissent, Judge Thompson reasoned that a majority of this court did not agree with this analysis in *Brown* II, and therefore it was not precedential.

Defendant thereafter petitioned for review.

■ The precedential value of the analysis in *Brown* II, key to defendant's challenge, has, during these proceedings, been conclusively resolved. In *State v. Ray,* 116 Wn.2d 531, 806 P.2d 1220 (1991), a clear majority of this court confirmed the reasoning in *Brown* II, and held that "crimes of theft involve dishonesty and are *per se* admissible for impeachment purposes under ER 609(a)(2)." *Ray,* at 545.

No purpose would be served by extensive repetition here of the reasoning in *Brown* II and *Ray;* reference is made to *Brown* II, at 545–54, and to *Ray,* at 543–46.

■■ The remaining question is whether first degree possession of stolen property is within the *Brown* II–*Ray* rule. We look to the statutory elements of the crime. *State v. Newton,* 109 Wn.2d 69, 743 P.2d 254 (1987). Under RCW 9A.56.140 and .150, first degree possession of stolen property involves knowingly receiving, retaining, possessing, concealing, or disposing of stolen property of a value in excess of $1,500 knowing that it has been stolen and withholding or appropriating the property to the use of anyone other than the true owner or person entitled to the property.

The Legislature has classified this crime in RCW 9A.56, "Theft and Robbery". *See* Laws of 1975, 1st Ex. Sess., ch. 260, ch. 9A.56, p. 841 ("Theft and Robbery" chapter title included as part of enacted legislation). The property involved is stolen property, known by defendant to be stolen property, which defendant knowingly receives, retains, possesses, conceals or disposes of. Defendant, with this knowledge, withholds this property or appropriates it to the use of someone other than the person entitled to it. The crime is encompassed by *Brown* II and *Ray.* It involves dishonesty: "The term 'dishonest' implies the act or practice of telling a lie, or of cheating, deceiving, and stealing." *Ray,* at 545 (quoting *Brown* II, at 552). "'[I]n common human experience acts of deceit, fraud, cheating, or stealing, . . . are universally regarded as conduct which reflects adversely on a man's honesty and integrity.'" *Ray,* at 545 (quoting *Brown* II, at 552 (quoting *Gordon v. United States,* 383

F.2d 936, 940 (D.C. Cir. 1967), *cert. denied,* 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421 (1968))).

The trial court properly ruled the prior conviction admissible.

By our holding in this case we necessarily overrule *State v. Harris,* 102 Wn.2d 148, 685 P.2d 584 (1984) and *State v. Zibell,* 32 Wn. App. 158, 646 P.2d 154, *review denied,* 97 Wn.2d 1039 (1982), insofar as they held that evidence of a conviction for possession of stolen property was not admissible under ER 609(a)(2). *Harris* relied upon *State v. Burton,* 101 Wn.2d 1, 676 P.2d 975 (1984), which is now overruled. *Ray,* at 543–44. *Burton* approved *Zibell.*

In light of our decision, we need not reach defendant's second issue. He argues that if the prior conviction was erroneously ruled admissible under ER 609(a)(2), a constitutional harmless error standard should apply rather than a nonconstitutional harmless error standard. Although we do not reach this issue, we note that this matter has also been laid to rest in *Ray,* where the court said decisively that

> [t]he same nonconstitutional harmless error standard that applies to ER 404 rulings also applies to ER 609(a) rulings. A ruling under ER 609 is not reversible error unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.

(Quotation marks and citations omitted.) *Ray,* at 546 (quoting *State v. Smith,* 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980))).

Affirmed.

DORE, C.J., and DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.

JOHNSON, J. (dissenting)—In holding that possession of stolen property is automatically admissible to impeach a witness under ER 609(a)(2), the majority follows the ill-advised "plain language" approach of *State v. Ray,* 116

Wn.2d 531, 806 P.2d 1220 (1991). The court should instead return to the narrower, and more justifiable, interpretation of the rule adopted in *State v. Burton,* 101 Wn.2d 1, 676 P.2d 975 (1984), and thereby relegate any change in the rule to the formal rulemaking process.

*Ray* dramatically changed the law in this area. Prior to *Ray,* this court consistently held that crimes of "dishonesty" under ER 609(a)(2) referred only to crimes containing elements in the nature of "crimen falsi".[1] Elements of "crimen falsi" include deceit, fraud, untruthfulness or falsification. *See Burton,* at 10.

The limitation of "crimen falsi" served a vital purpose. It restricted the rule's application to those convictions relating *directly* to the witness' propensity to tell the truth in court. As this court stated in *Burton,*

> [t]he purpose of allowing impeachment by prior conviction evidence is to shed light on the defendant's *credibility* as a witness. Therefore, prior convictions admitted for impeachment purposes must have some relevance to the defendant's ability to tell the truth. Simply because a defendant has committed a crime in the past does not mean the defendant will lie when testifying.

(Citations omitted.) *Burton,* at 7–8.

Based on *Burton,* this court held that the crime of possession of stolen property is *not* a crime involving dishonesty under ER 609(a)(2). *State v. Harris,* 102 Wn.2d 148, 156–57, 685 P.2d 584 (1984).

This court's rejection of *Burton* is deeply flawed. Because these flaws are fully revealed in the dissenting opinion in *Ray,* as well as in the concurring (and then controlling) opinions issued in *State v. Brown,* 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989), I merely summarize some of their arguments here.

---

[1]Although the lead opinions in *State v. Brown,* 111 Wn.2d 124, 761 P.2d 588 (1988) (*Brown* I) and in *State v. Brown,* 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989) (*Brown* II) purported to overturn *Burton,* neither opinion was signed by a majority of the court.

In rendering automatically admissible under ER 609(a)(2) many crimes that do not bear directly on testimonial truthfulness,[2] the *Ray* standard distorts the rule's intent. This overly inclusive approach also undermines the discretionary balancing test of ER 609(a)(1). *Ray* appears to render Washington's rule the "most inclusive" and "least discretionary" of all jurisdictions adopting rules based on Fed. R. Evid. 609. *Ray*, at 555 (Dolliver, J., concurring in part, dissenting in part) (quoting R. Aronson, *Evidence in Washington* 609–10 (1989)). *Ray*'s broad applicability is problematic because prior convictions may readily be misconstrued as evidence of guilt. *See Burton*, at 9. Moreover, *Ray* leads to ludicrous results. A misdemeanor conviction for possessing stolen property is automatically admissible, while a murder conviction is only admissible if it satisfies the balancing test of ER 609(a)(1). *See Ray*, at 555 (Dolliver, J., concurring in part, dissenting in part).

Finally, if *Burton* is to be overturned, it should be done through this court's formal rulemaking process rather than by judicial fiat. Justice Dolliver addressed this point succinctly in his opinion:

> In adopting [ER 609(a)(2)], this court explicitly chose to impose more restrictions on admissibility. *See* Comment, ER 609, 91 Wn.2d 1150 (1979). It is inappropriate for the court now unilaterally to alter ER 609(a)(2) by "interpreting" it so it becomes virtually meaningless. The court ought to use extreme caution in giving different meanings to its rules depending on the majorities which rise and fall with each case. Any change in the interpretation of the rule ought to be subject to the formal rules process adopted by the court, GR 9, rather than ad hoc procedure adopted by the majority.

*Ray*, at 555–56 (Dolliver, J., concurring in part, dissenting in part).

---

[2]It can be argued that *Ray* reaches so far as to render all intentional crimes automatically admissible. *Ray* extends automatic admissibility to crimes that are commonly perceived as dishonest. *Ray*, at 546. Many people would consider dishonest *any* intentional violation of the law.

This court should return to the *Burton* standard. Because possession of stolen property is not a crime of dishonesty under that standard, I dissent.

UTTER, J., concurs with JOHNSON, J.